UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEVIN ALLEN, ) | CASE NO. 1:14CV1282 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| CAROLYN W. COLVIN[1], ) | REPORT AND RECOMMENDATION |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

On June 13, 2014, Plaintiff Kevin Allen ("Plaintiff") filed a *pro se* complaint in this Court pursuant to 42 U.S.C. § 405(g) requesting review of the adverse decision of Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security. For the following reasons, the undersigned recommends that the Court dismiss Plaintiff's complaint without prejudice.

A scheduling order was entered by the undersigned in the above-captioned matter on June 25, 2014, which set forth the following briefing schedule:

1. Defendant is to file a transcript of the administrative proceedings and answer within sixty (60) days from the date of this Order.

2. Within thirty (30) days of the filing of the transcript and answer, counsel for Plaintiff must file with the Court a Brief alleging the errors committed by the Defendant upon which Plaintiff seeks reversal of the decision of the Commissioner.

See ECF Dkt. #6. The answer and transcript of proceedings were filed by Defendant on August 29,

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security, replacing Michael J. Astrue.

2014, ECF Dkt. ##9, 10. Therefore, Plaintiff's brief was due on or before September 29, 2014. However, Plaintiff never filed his brief.

On November 17, 2014, the undersigned issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. ECF Dkt. #11. In response to the show cause order, on November 26, 2014, Plaintiff filed a motion for an extension of time to file his brief because he did not receive a copy of the transcript of administrative proceedings and answer. ECF Dkt. #12. The undersigned granted the motion by non-document order on December 1, 2014.

In response to an inquiry by the undersigned, on March 19, 2015, Defendant filed a notice of service of the answer and transcript of proceedings. ECF Dkt. #13. The notice indicates that on August 29, 2014 and December 1, 2014, Defendant served copies of the answer and transcript of proceedings on Plaintiff by ordinary mail to the address on the docket. However, Plaintiff still had not filed his brief.

Therefore, on March 19, 2015, the undersigned issued a second Order To Show Cause, on or before April 3, 2014, why the undersigned should not recommend dismissal of the above-captioned action for Plaintiff's failure to prosecute, ECF Dkt. #14. No brief was filed in response by Plaintiff.

While the Court understands that the legal system is daunting for those without any legal training, "dismissal of a case for lack of prosecution is appropriate when a *pro se* litigant fails to adhere to readily comprehended court deadlines." *May v. Pike Lake State Park*, 8 F. App'x 507, 508 (6th Cir.2001); *but see Kenney v. Heckler*, 577 F.Supp. 214, 216 (N.D. Ohio 1983). Notably, Plaintiff offers no explanation as to why he was unable to submit a timely brief. The transcript was filed over seven months ago, and efforts to move the case forward have been thwarted by Plaintiff's

failure to comply with the Court's orders. "Although dismissal is harsh, it may be appropriate when no alternative sanction would protect the integrity of pre-trial procedures." *Harkleroad v. Astrue*, 2011 WL 3627161 (N.D.Ohio Aug.17, 2011) (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)).

Accordingly, the undersigned recommends that the Court dismiss Plaintiff's case for lack of prosecution because Plaintiff has not acted diligently in filing his brief on the merits. Further, while cases dismissed for a lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure usually warrant a dismissal with prejudice, the undersigned recommends that the Court dismiss this case without prejudice due to Plaintiff's *pro se* status.

## CONCLUSION AND RECOMMENDATION

Based upon Plaintiff's lack of compliance with this Court's Order requiring him to file a brief on the merits, the undersigned recommends that the Court dismiss the above-captioned case without prejudice for lack of prosecution.

Dated: April 6, 2015                                */s/George J. Limbert*
                                                    GEORGE J. LIMBERT
                                                    U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985); and Local Rule 72.3.